## 4486.  DUKE v. THE STATE.

There was no evidence whatever to support the verdict in this case, and it was therefore unauthorized by law.

.Decided December 10, 1912.

Accusation of larceny; from city court of Jackson—Judge Fletcher.   October 4, 1912.

*R. W. Mays, O. M. Duke,* for plaintiff in error.

*C. L. Redman, solicitor,* contra.

Hill, C. J.  Duke was convicted of the offense of simple larceny, and his motion for a new trial, based upon the general grounds and upon alleged newly discovered evidence, was overruled, and he brings error.  We think he is entitled to a new trial on these grounds.  The evidence, briefly stated, is as follows:  The prosecutor and the accused got together on Saturday and began drinking.  The prosecutor had in his possession $36 in one-dollar bills, some tobacco, and a pocket-knife.  While drinking they went to a house with some lewd women, and they continued drinking with these women.  The prosecutor testified that he got drunk and became insensible, and that when he came to himself his money, his pocket-knife, and his tobacco all were gone, and so were his companions.  His pocket-knife was found in the front yard of the house where he lived.  None of his money or tobacco was found.  The one incriminating circumstance against the accused was the testimony of the chief of police of the town of Jackson, that on the Saturday when the accused and the prosecutor got together, he demanded of the accused his street tax; that the accused then said that he did not have any money, and would pay him when he got some; that on the following Monday morning the accused paid on his street tax a one-dollar bill, and then had in his possession several other one-dollar bills.  This testimony, unexplained, was sufficient to raise a suspicion of the guilt of the accused, but he explained it by undisputed evidence.  He proved by a white witness that he had worked for the witness for three days in the latter part of September and for this work he had been paid $5 in one-dollar bills and one silver dollar.  The Monday referred to by the chief of police was the 9th of October.  With this explanation, the circumstance to which the chief of police testified was not sufficient to support the verdict.  Besides, the newly discovered evidence is

to the effect that the marshal of the town of Jackson made a mistake as to the time when the accused paid him the one-dollar bill on his street tax. The fact was that he paid this one dollar in September, about the time he received it for his work, and not at the time the marshal said. This fact was shown by the tax receipt which the marshal gave the accused at the time of the payment, the date of the receipt being contemporaneous with the date of the payment of the $5 to the accused for his work, and being in September, and not in October, when the prosecutor lost his money, and this doubtless would have been sufficient to remove any suspicion arising from the possession of the one-dollar bills by the accused. Regardless, however, of the newly discovered testimony, the verdict is without any evidence to support it, and a new trial should have been granted.　　　　　　　　　　*Judgment reversed.*